1   Scott A. Brown, SBN 177099
    BROWN | POORE LLP
2   3100 Oak Road, Suite 100
    Walnut Creek, California 94597
3   Telephone:    (925) 943-1166
    sbrown@bplegalgroup.com
4
    Attorneys for Plaintiff
5   BRIAN SUIT

6

7

8                       UNITED STATES DISTRICT COURT

9                       NORTHERN DISTRICT OF CALIFORNIA

10

11

| | |
|---|---|
| 12   BRIAN SUIT, | **Case No.** |
| 13              Plaintiff, | **COMPLAINT FOR DAMAGES, EQUITABLE AND/OR INJUNCTIVE RELIEF** |
| 14   v. | |
| 15   ENTERPRISE RENT-A-CAR COMPANY OF SAN FRANCISCO, LLC; and DOES 1 to 10, | VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT ("CRFA"); |
| 16 | VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA"); |
| 17              Defendants. | INTERFERENCE WITH EXERCISE OF CFRA RIGHTS; |
| 18 | INTERFERENCE WITH EXERCISE OF FMLA RIGHTS; |
| 19 | RETALIATION FOR EXERCISE OF CFRA RIGHTS; |
| 20 | RETALIATION FOR EXERCISE OF FMLA RIGHTS; |
| 21 | VIOLATIONS OF CALIFORNIA LABOR CODE § 1102.5; |
| 22 | WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICIES |
| 23 | VIOLATIONS OF THE FAIR EMPLOYMENT AND HOUSING ACT, GOVERNMENT CODE § 12940 ET. SEQ. |
| 24 | |
| 25 | |
| 26 | **JURY TRIAL DEMANDED** |
| 27 | |

28
                                   -1-

Plaintiff BRIAN SUIT complains and alleges as follows:

**PARTIES AND JURISDICTION**

1.     Plaintiff BRIAN SUIT ("Plaintiff") at all relevant times hereto, has been a resident of the State of California.

2.     Plaintiff is informed and believes and thereby alleges that Defendant ENTERPRISE RENT-A-CAR COMPANY OF SAN FRANCISCO, LLC ("Defendant" or "ENTERPRISE") is a limited liability company in the State of California, with its headquarters in the state of Delaware.

3.     Defendant ENTERPRISE is a corporation that is authorized to do business within this judicial district, and at all relevant times herein, employed more than five (5) employees, including Plaintiff.

4.     This Court has jurisdiction and venue over this action in that (a) Defendant ENTERPRISE and Plaintiff executed an employment agreement in this judicial district in the state of California; (b) Defendant employed Plaintiff and Plaintiff performed within this judicial district; and (c) Plaintiff is seeking relief under federal law, including the Family Medical Leave Act, 29 U.S.C. § 2601 et seq.  This Court has supplemental jurisdiction over any state law claims, in that they arose from the same common nucleus of operative facts, as to the federal claims. Further, complete diversity of citizenship exists between the parties.

5.     Plaintiff has exhausted all administrative remedies within the Department of Fair Employment & Housing ("DFEH").  Plaintiff has timely filed administrative charges with the DFEH, and has filed this action within one year of the right to sue letter.

6.     Unless otherwise indicated as acting in individual capacity, Plaintiff is informed and believes, and thereby alleges that each of the defendants herein were at all times relevant hereto, the agents, representatives, servants and employees of the remaining defendants, and was acting at least in part within the course and scope of such relationship, and that the wrongful acts alleged herein were committed by such defendants, and each of them.

**DOE DEFENDANTS**

7.      Plaintiff is unaware of the names of Defendants identified herein as DOES 1-10, inclusive, and therefore sues them by those fictitious names.  Plaintiff is informed and believes and thereon alleges, that Defendants sued herein as DOES are responsible in some manner for the practices, acts, conduct, and occurrences alleged herein, as either actual perpetrators or co-conspirators, aiders and abettors, officers, directors, and/or managing agents with the knowledge, control, authority, direction, and/or ratification of the other Defendants, and each of them. Plaintiff will seek leave of the Court to amend this Complaint to allege the true names and capacities of the DOE Defendants, and the roles they played, once their identities and/or manner of participation in the wrongful conduct herein described is ascertained.

**FACTUAL BACKGROUND**

8.      Defendant hired Plaintiff 19 years ago, in June of 2001.  Since then, he has performed his duties in an outstanding and professional manner.  Plaintiff has received excellent performance evaluations and has no record of discipline.  He has earned multiple promotions, most recently, on November 4, 2019, as the Group 23 Bay Area Group Car Sales Manager where he was responsible for the entire Bay Area division performance.  These responsibilities included car sales employees, inventory, facilities, and managing and controlling expenses.  Plaintiff's target incentive plan for 2020 was approximately $525,000.

9.      Although it was not a requirement to relocate full time, Plaintiff spent his work week in the Bay Area at an apartment that was paid by Enterprise.  He returned to his family in Roseville for the weekends.  In the event a job issue arose over the weekend, Plaintiff was always able to respond and resolve it without traveling to the Bay Area.  His supervisor, Kevin Bass, was aware of Plaintiff's travel and family arrangements at the time he promoted Plaintiff to the position of Group 23 Bay Area Group Car Sales Manager.

10.      During the last quarter of 2019, Plaintiff suffered from a severe medical condition which included debilitating panic attacks.  He visited his physician at the Rocklin Family Practice & Sports Medicine, on December 26, 2019, who ordered him to take medical leave.  Plaintiff

-3-

informed Mr. Bass that he was taking a medical leave effective January 6, 2020 due to stress and anxiety and provided the written diagnosis.

11.    On January 10, 2020, while Plaintiff was still on medical leave, Mr. Bass requested that Plaintiff step down from his position as Bay Area Group Car Sales Manager and return to the Sacramento area as an assistant sales manager.  Mr. Bass provided no reason for this personnel move which would be a substantial demotion.

12.    On March 13, 2020, Plaintiff met with Defendant's Human Resources Manager, Jennifer Fickel, and Mr. Bass and explained that his health had improved significantly and that he was eager and excited to return to his position as Bay Area Group Car Sales Manager.  No "Shelter in Place" order existed and the car sales business was operating as usual.  Mr. Bass informed Plaintiff that his decision was "concrete" and that Plaintiff could not continue to live in Roseville on weekends and still work as the Group Car Sales Manager.  He suggested that Plaintiff's ex-wife bring their daughter to the Bay Area each weekend.  Plaintiff responded that Mr. Bass knew before Plaintiff took medical leave that Plaintiff was traveling to and from Roseville and had no problems with Plaintiff's commute.  Plaintiff also noted that he had always been able to perform his job even when he returned to Roseville on the weekends.  But, Mr. Bass insisted that, "You need to be a part of the Bay Area community.  You live here, not Roseville!" Plaintiff felt dejected and defeated at the end of the meeting and it was clear to Plaintiff that Mr. Bass was upset with Plaintiff for taking medical leave.

13.    On March 18, 2020, Plaintiff received his medical release to return at full capacity, effective March 19, and forwarded it to Enterprise.  On March 18, Plaintiff also participated in a conference call with Mr. Bass and Ms. Fickel.  Mr. Bass reiterated his new requirement that Plaintiff physically move to the Bay Area full time, seven days a week, if he wanted to keep his job.  Mr. Bass knew that a permanent relocation was not possible for Plaintiff because it would jeopardize his custody arrangement with his daughter who lived in Roseville.

14.    On March 29, 2020, Plaintiff complained to Ms. Fickel that he was frustrated about the limited options Enterprise offered him as he returned from medical leave. Specifically,

he noted that Enterprise was not providing him with the same or comparable previous position because Mr. Bass was requiring him to move to, and live in, the Bay Area full time, including weekends.  Plaintiff explained he was not required to move to the Bay Area before he took medical leave and he did not believe it was fair to treat him differently when he returned. Plaintiff told Ms. Fickel that he felt Enterprise was making this demand because he took a medical leave, and was retaliating against him for taking time off.  He stated that Enterprise knew that he was unable to move his daughter to the Bay Area and it was also unnecessary because he had proven that he could perform his job without living there on the weekends. Plaintiff reported that Ms. Fickel and Mr. Bass were creating an impossible situation for him at Enterprise.

15.     Ms. Fickel did not answer Plaintiff's complaint, but instead, responded by taking Plaintiff off leave and placing him on two weeks unpaid leave from March 19 through April 2. Plaintiff was then terminated and told to file for unemployment.

16.     On April 16, 2020, Ms. Fickel approached Plaintiff and represented that Plaintiff's Group Car Sales Manager position was being eliminated.  She asked whether he would consider returning to Enterprise as an "Area Car Sales Manager", a lesser position, with his compensation package reduced by 70%.   Plaintiff declined.

17.     Although Plaintiff was terminated on April 2 and told to file for unemployment, Enterprise maintains that it terminated Plaintiff weeks later in a "corporate reorganization effort" in response to the Coronavirus pandemic.  This reason for termination was untrue and pretextual given that Enterprise's discriminating and retaliatory conduct occurred while Plaintiff was still on medical leave and before Enterprise made any economic decisions in response to the pandemic. Enterprise's reliance on the pandemic was a ruse to cover up its discriminatory intent.

18.     Further, Plaintiff's position was necessary to Enterprise and was never eliminated. On the contrary, Enterprise promptly filled Plaintiff's position with an employee from the rental car division, Chad Iken, with no car sales experience.  Enterprise then promoted Mr. Iken and guaranteed him a monthly floor for sales which exceeded Plaintiff's target incentive plan of

COMPLAINT FOR DAMAGES, EQUITABLE, AND/OR INJUNCTIVE RELIEF
SUIT V. ENTERPRISE, ET AL

$525,000.  Thus, Enterprise did not save cut expenses by terminating Plaintiff, rather, it incurred more expenses with this personnel decision because it paid the new employee more than Plaintiff.

## **FIRST CAUSE OF ACTION**
(Violation of the California Family Rights Act)

19.     Plaintiff realleges and incorporates by reference the allegations of this Complaint as though fully set forth herein.

20.     The California Family Rights Act ("CFRA") provides that an employer must reinstate an eligible employee on an approved CFRA leave to the employee's same position, or a comparable position, upon the termination of his or her leave.

21.     Defendants were or are a covered employer under CFRA, Government Code § 12945.2(c)(2)(A).  Plaintiff was an eligible employee on an approved CFRA leave for a serious health condition under Government Code § 12945.2(c)(3)(A).

22.     Defendants violated the CRFA by, inter alia, by refusing to reinstate Plaintiff to his prior position or a comparable position, by introducing new and unnecessary demands upon his return, and by terminating his employment days before he was scheduled to return to work.  This statute also recognizes that an employee returning from medical leave is entitled to his or her previous position, or a "comparable" position.  A comparable position must be virtually identical to the employee's original position in terms of pay, working conditions, responsibilities and same or geographically proximate worksite from where the employee was previously employed. Defendant's actions constituted material adverse actions which affected the terms of his employment.

23.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered special damages in the form of lost earnings, benefits, and/or out of pocket expenses in an amount according to proof at the time of trial.  As a further direct and proximate result of Defendants' conduct, Plaintiff will suffer additional special damages in the form of lost future earnings, benefits, and/or other prospective damages in an amount according to proof at the time of trial.

24.     As a further direct and proximate result of Defendants' conduct, Plaintiff has suffered mental and emotional pain, distress, and discomfort, all to his detriment and damage in

amounts not fully ascertained but within the jurisdiction of this court and subject to proof at the time of trial.

25.     In engaging in the conduct alleged herein, Defendants, and each of them, acted oppressively, maliciously, fraudulently, and/or outrageously towards Plaintiff, with conscious disregard for his known rights and with the intention of causing, and/or willfully disregarding the probability of causing, unjust and cruel hardship to Plaintiff.  In so acting, Defendants intended to and did vex, injure, and annoy Plaintiff.  Therefore, an assessment of punitive damages should be made against Defendants in an amount sufficient to punish them and to prevent them from willfully engaging in future discriminatory and/or retaliatory conduct.

26.     Plaintiff is entitled to costs and reasonable attorneys' fees pursuant to California Government Code §12965(b), and appropriate and effective equitable or injunctive relief pursuant to California Government Code § 12965(c).

**SECOND CAUSE OF ACTION**
(Violation of Family Medical Act)

27.     Plaintiff realleges and incorporates by reference the previous paragraphs of this Complaint as though fully set forth herein.

28.     The Family Medical Leave Act ("FMLA") provides that an employer must reinstate an eligible employee on an approved FMLA leave to the employee's same position, or to an equivalent position, upon the termination of the employee's leave.

29.     Defendants were and are a covered employer under the FMLA, 29 U.S.C. § 2611(4)(A).  At all relevant times, Plaintiff was an eligible employee on an approved FMLA leave for a serious health condition under 29 U.S.C. § 2611(2)(A), and 29 U.S.C. § 2612(a)(1)(D).

30.     Defendants violated FMLA by, inter alia, by refusing to reinstate Plaintiff to his prior position or a comparable position, by introducing new and unnecessary demands upon his return, and by terminating his employment days before he returned to work.

31.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered special damages in an amount equal to 12 weeks of wages or salary under 29 U.S.C. §

-7-

2617(a)(1)(A)(i).    Plaintiff  is  also  entitled  to  liquidated  damages  under  29  U.S.C.  §

2617(a)(1)(A)(iii) as Defendants did not act in good faith and had no reasonable grounds for

believing they were not violating the FMLA.  Plaintiff is entitled to appropriate equitable relief,

including employment, reinstatement and promotion under 29 U.S.C. § 2617(a)(1)(B).

32.    Plaintiff is entitled to costs and reasonable attorneys' pursuant to 29 U.S.C. §

2617(a)(1)(A)(3).

### THIRD CAUSE OF ACTION
(Violation of the CFRA, Interference with Exercise of Family Leave Rights)

33.    Plaintiff incorporates herein by reference all the allegations contained in this

complaint as fully set forth herein.

34.    The CFRA requires the employer to guarantee the eligible employee the same or a

comparable position upon the termination of the leave.  Plaintiff is an eligible employee under the

CRFA.

35.    Defendants interfered with Plaintiff's rights under the CRFA by, inter alia, by

refusing to reinstate Plaintiff to his prior position or a comparable position, by introducing new

and unnecessary demands upon his return, and by terminating his employment during his

approved CRFA leave.

36.    As a direct and proximate result of Defendants' conduct, Plaintiff has suffered

special damages in the form of lost earnings, benefits, and/or out of pocket expenses in an amount

according to proof at the time of trial.  As a further direct and proximate result of Defendants'

conduct, Plaintiff will suffer additional special damages in the form of lost future earnings,

benefits, and/or other prospective damages in an amount according to proof at the time of trial.

37.    As a further direct and proximate result of Defendants' conduct, Plaintiff has

suffered mental and emotional pain, distress, and discomfort, all to his detriment and damage in

amounts not fully ascertained but within the jurisdiction of this court and subject to proof at the

time of trial.

38.     In engaging in the conduct alleged herein, Defendants, and each of them, acted oppressively, maliciously, fraudulently, and/or outrageously towards Plaintiff, with conscious disregard for his known rights and with the intention of causing, and/or willfully disregarding the probability of causing, unjust and cruel hardship to Plaintiff.  In so acting, Defendants intended to and did vex, injure, and annoy Plaintiff.  Therefore, an assessment of punitive damages should be made against Defendants in an amount sufficient to punish them and to prevent them from willfully engaging in future discriminatory and/or retaliatory conduct.

39.     Plaintiff is entitled to costs and reasonable attorneys' fees pursuant to California Government Code § 12965(b).

## FOURTH CAUSE OF ACTION
### (Violation of the FMLA, Interference With Exercise Of Family Leave Rights)

40.     Plaintiff incorporates herein by reference all the allegations contained in the previous paragraphs of this complaint as fully set forth herein.

41.     The FMLA requires the employer to guarantee the eligible employee the same or a comparable position upon the termination of the leave.  Plaintiff is an eligible employee under the FMLA.

42.     Defendants interfered with Plaintiff's rights under the FMLA by, inter alia, by refusing to reinstate Plaintiff to his prior position or a comparable position, by introducing new and unnecessary demands upon his return, and by terminating his employment during his approved CRFA leave.

43.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages.  Plaintiff is also entitled to liquidated damages under 29 U.S.C. § 2617(a)(1)(A)(iii) as Defendants did not act in good faith and had no reasonable grounds for believing they were not violating the FMLA.  Plaintiff is entitled to appropriate equitable relief, including employment, reinstatement and promotion under 29 U.S.C. § 2617(a)(1)(B).

44.     Plaintiff is entitled to costs and reasonable attorneys' fees pursuant to 29 U.S.C. § 2617(a)(1)(A)(3).

**FIFTH CAUSE OF ACTION**
(Violation of the CFRA-Retaliation)

45.     Plaintiff incorporates herein by reference the previous allegations contained in this complaint as fully set forth herein.

46.     Under the CFRA, it is unlawful for an employer to discriminate against or retaliate against an employee who exercises his right to family care leave.  Government Code § 12945.2(l) ("It shall be an unlawful employment practice for an employer to refuse to hire, or to discharge, fine, suspend, expel, or discriminate against, any individual because of . . . [a]n individual's exercise of the right to family care and medical leave."); see also 2 Cal. Code Regs. Section 11089(a)(2).  Plaintiff is an eligible employee under the CFRA.

47.     Defendants retaliated against Plaintiff because he exercised his rights under the CFRA by, inter alia, by demoting him during his approved FMLA leave and terminating him after he complained that Defendants were not returning him to the same or comparable position he previously held.

48.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered special damages in the form of lost earnings, benefits, and/or out of pocket expenses in an amount according to proof at the time of trial.  As a further direct and proximate result of Defendants' conduct, Plaintiff will suffer additional special damages in the form of lost future earnings, benefits, and/or other prospective damages in an amount according to proof at the time of trial.

49.     As a further direct and proximate result of Defendants' conduct, Plaintiff has suffered mental and emotional pain, distress, and discomfort, all to his detriment and damage in amounts not fully ascertained but within the jurisdiction of this court and subject to proof at the time of trial.

50.     In engaging in the conduct alleged herein, Defendants, and each of them, acted oppressively, maliciously, fraudulently, and/or outrageously towards Plaintiff, with conscious disregard for his known rights and with the intention of causing, and/or willfully disregarding the probability of causing, unjust and cruel hardship to Plaintiff.  In so acting, Defendants intended to and did vex, injure, and annoy Plaintiff.  Therefore, an assessment of punitive damages should be

-10-

made against Defendants in an amount sufficient to punish them and to prevent them from willfully engaging in future discriminatory and/or retaliatory conduct.

51.     Plaintiff is entitled to costs and reasonable attorneys' fees pursuant to California Government Code § 12965(b).

## SIXTH CAUSE OF ACTION
(Violation of the FMLA-Retaliation)

52.     Plaintiff incorporates herein by reference the previous allegations contained in this complaint as fully set forth herein.

53.     The FMLA makes it unlawful for an employer to discriminate against or retaliate against an employee who exercises his right to family care leave.  29 U.S.C. § 2615(a)(1) ("It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter."); 29 U.S.C. § 2615(a)(2) ("It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.")  Plaintiff is an eligible employee under the FMLA.

54.     Defendants retaliated against Plaintiff because he exercised his rights under the FMLA by, inter alia, by demoting him during his approved FMLA leave and terminating him after he complained that Defendants were not returning him to the same or comparable position he previously held.

55.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages.  Plaintiff is also entitled to liquidated damages under 29 U.S.C. § 2617(a)(1)(A)(iii) as Defendants did not act in good faith and had no reasonable grounds for believing they were not violating the FMLA.  Plaintiff is entitled to appropriate equitable relief, including employment, reinstatement and promotion under 29 U.S.C. § 2617(a)(1)(B).

56.     Plaintiff is entitled to costs and reasonable attorneys' fees pursuant to 29 U.S.C. § 2617(a)(1)(A)(3).

-11-

**SEVENTH CAUSE OF ACTION**
(Violation of Labor Code § 1102.5)

57.    Plaintiff incorporates by reference the previous paragraphs this complaint as though fully set forth herein.

58.    California Labor Code §1102.5, *et. seq* provide that it is an unlawful employment practice for an employer or any other person to retaliate against an employee for opposing illegal conduct or making workplace complaints of illegal conduct including violations of the FMLA and CFRA.

59.    In acting above, Defendants violated Section 1102.5, by retaliating against him after he complained to person(s) with authority over him who have authority to investigate, discover, or correct the violation or noncompliance, about Defendants' unlawful treatment of him because of his medical leave, when they failed to return Plaintiff to the same or a comparable position he held prior to his approved leave of absence.  Plaintiff had reasonable cause to believe that his complaints constituted violations of or noncompliance with state or federal statutes, rules or regulations regarding medical leaves of absences and/or prohibiting discrimination and retaliation in the workplace including, but not limited to California Government Code §12945.2, Article I, Section 8 of the California Constitution, 29 U.S.C. § 2615.

60.    As a direct and proximate result of Defendants' retaliatory conduct, Plaintiff has suffered loss of employment, indignity, great humiliation and emotional distress manifesting in physical symptoms.

61.    Defendants' actions have caused and continue to cause Plaintiff substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, future earnings and benefits, cost of suit, humiliation, embarrassment and anguish, all to his damage in an amount according to proof.

62.    The acts of Defendants as alleged herein, were intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent to injure Plaintiff and to cause Plaintiff mental anguish, anxiety, and distress.  The Defendants' acts were done in conscious disregard of the risk of severe emotional harm to Plaintiff and with the intent to injure Plaintiff, constituting

-12-

oppression, fraud, malice under California Civil Code §3294, entitling Plaintiff to punitive damages.

### EIGHTH CAUSE OF ACTION
(Wrongful Termination in Violation of Public Policies)

63.     Plaintiff incorporates by reference the previous paragraphs this complaint as though fully set forth herein.

64.     California law prohibits an employer from terminating an employee in violation of fundamental public policies.  California and  Federal law maintain fundamental public policies prohibiting retaliation against employees who engage in protected activity, and permitting employees to take family care leave for a serious health or medical condition, and then return to their previously held or comparable positions.  The fundamental public policies are codified under, inter alia, California Government Code §12945.2, California Labor Code § 1102.5, Article I, Section 8 of the California Constitution, and 29 U.S.C. § 2615.

65.     Defendants violated all these fundamental public policies in terminating Plaintiff's employment.

66.     As a direct and proximate result of Defendants' conduct, Plaintiff has suffered special damages in the form of loss earnings, benefits, and/or out of pocket expenses in an amount according to proof at trial.  As a further direct and proximate result of Defendants' conduct, Plaintiff will suffer additional special damages in the form of lost future earnings, benefits, and/or other prospective damages in an amount according to proof at trial.

67.     As a further direct and proximate result of Defendants' conduct, Plaintiff has suffered mental and emotional pain, distress, and discomfort, all to his detriment and damage in amounts not fully ascertained but within the jurisdiction of this court.

68.     In engaging in the conduct alleged herein, Defendants, and each of them, acted oppressively, maliciously, fraudulently, and/or outrageously towards Plaintiff, with conscious disregard for his known rights and with the intention of causing, and/or willfully disregarding the probability of causing, unjust and cruel hardship to Plaintiff.  In so acting, Defendants intended to and did vex, injure, and annoy Plaintiff.  Therefore, an assessment of punitive damages should be

-13-

made against Defendants in an amount sufficient to punish them and to prevent them from willfully engaging in future discriminatory and/or retaliatory conduct.

**NINTH CAUSE OF ACTION**
(Violations of FEHA – Disability/Medical Condition Discrimination)

69.     Plaintiff incorporates by reference the previous paragraphs this complaint as though fully set forth herein.

70.     California Government Code § 12940, et. seq., provide that it is an unlawful employment practice for an employer to harass or discriminate in the terms and conditions of employment.

71.     Defendants violated Government Code § 12940, et. seq. with regard to Plaintiff when it discriminated against Plaintiff on the basis of his medical condition, and needing to take protected family medical leave to care.

72.     Defendants' conduct toward Plaintiff as alleged above, constitutes an unlawful employment practice in violation of California Government Code § 12940.

73.     As a direct and proximate result of Defendant's conduct, Plaintiff has suffered loss of employment, indignity, great humiliation and emotional distress manifesting in physical symptoms.

74.     Defendant's actions have caused and continue to cause Plaintiff substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and benefits, cost of suit, humiliation, embarrassment and anguish, all to his damage in an amount according to proof.

**TENTH CAUSE OF ACTION**
(Violations of FEHA – Retaliation)

75.     Plaintiff incorporates by reference the previous paragraphs this complaint as though fully set forth herein

76.     California Government Code § 12940(h) provides that it is an unlawful employment practice for an employer or any other person to retaliate against an employee for engaging in a protected activity.

77.     Defendants violated Government Code § 12940 with regard to Plaintiff when they engaged in adverse employment actions in retaliation for taking protected medical leave, and further retaliated against Plaintiff for making an internal complaint to Defendant's Human Resources Manager Jennifer Fickel.

78.     Defendants' conduct toward Plaintiff as alleged above, constitutes an unlawful employment practice in violation of California Government Code § 12940.

79.     As a direct and proximate result of Defendants' retaliatory conduct, Plaintiff has suffered loss of employment, indignity, great humiliation and emotional distress manifesting in physical symptoms.

80.     Defendants' actions have caused and continue to cause Plaintiff substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and benefits, cost of suit, humiliation, embarrassment and anguish, all to his damage in an amount according to proof.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment against Defendants, and each of them as follows:

1.     For general damages in an amount according to proof;

2.     For special damages in an amount according to proof;

3.     For prejudgment interest in an amount according to proof;

4.     For equitable, declaratory, and/or injunctive relief including reinstatement;

5.     For statutory penalties and liquidated damages;

6.     For reasonable attorney's fees and cost of suit therein pursuant to applicable provisions of law, including Labor Code sections 218.5, California Government

1    Code § 12965(b), 29 U.S.C. section 2617 (a)(1)(A)(3), and Code of Civil

2    Procedure section 1021.5;

3    7.    For such other and further relief as the court may deem proper; and,

4    8.    For punitive or exemplary damages;

5    **9.    <u>Plaintiff demands a trial by jury.</u>**

6

7    Dated:  June 24, 2020                    BROWN | POORE LLP

8                                             By:  <u>   //s// *Scott A. Brown*                   </u>

9                                                  Scott A. Brown
                                                  Attorneys for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES, EQUITABLE, AND/OR INJUNCTIVE RELIEF
SUIT V. ENTERPRISE, ET AL